David Martinez, Bar No. 193183
DMartinez@robinskaplan.com
Daniel Allender, Bar No. 264651
DAllender@robinskaplan.com
**ROBINS KAPLAN LLP**
2121 Avenue of the Stars, Ste 2800
Los Angeles, CA  90067
Telephone:  (310) 552-0130
Facsimile:   (310) 229-5800

Attorneys for Plaintiff
Halloween Town, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALLOWEEN TOWN, INC., | Case No. 2:23-cv-8200 |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **(1) COPYRIGHT INFRINGEMENT, 17 U.S.C. 501** |
| GLENDALE HALLOWEEN, a fictious business name; ZINAIDA KHRIMYAN, an individual; and DOES 1-10, | **(2) TRADEMARK INFRINGEMENT, 17 U.S.C. 1114** |
| Defendants. | **(3)   FALSE DESIGNATION OF ORIGIN (VIOLATION OF LANHAM ACT, 15 U.S.C. § 1125(a));** |
| | **(4)   FEDERAL TRADEMARK DILUTION (VIOLATION OF LANHAM ACT, 15 U.S.C. § 1125(c));** |
| | **(5)   COMMON LAW AND STATUTORY TRADE NAME INFRINGEMENT;** |
| | **(6)   UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200);** |
| | **(7)   COMMON LAW UNFAIR COMPETITION; AND** |
| | **(8)   STATE TRADEMARK DILUTION (CAL. BUS. & PROF. CODE § 14247)** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff Halloween Town, Inc. ("Halloween Town"), for its complaint against Glendale Halloween and Zinaida Khrimyan ("Defendants"), hereby alleges based on knowledge as to its acts and based on information and belief as to the acts of others, as follows:

## INTRODUCTION

1.     This is an action for copyright infringement, false designation of origin, dilution, trade name infringement and unfair competition arising from defendant Glendale Halloween's willful and intentional infringement of Halloween Town's trademark and copyright.

2.     For the last 23 years, Plaintiff Halloween Town has been the premier purveyor of a vast array of Halloween and horror-related merchandise, costumes, decorations, clothing, novelties and special effects accessories. Since 2006, Halloween Town has operated its famous store at its current location in Burbank, California (the "Halloween Town Store"). The Halloween Town Store is a year-round tourist attraction for consumers interested in Halloween and the horror genre more generally.

3.     Previously, Defendants Glendale Halloween and Zinaida Khrimyan ("Defendants") operated a seasonal Halloween merchandise store in Glendale, as its name suggests.  Defendants, however, were and are well aware of Halloween Town's fame and notoriety as the premier purveyor of horror merchandise.

4.     In or about 2023, Defendants conceived a scheme to trade upon Halloween Towns' tremendous and longstanding good will and reputation, and the massive amount of business that Halloween Town would otherwise generate during the Halloween season.

5.     To further their unlawful scheme, Defendants moved their seasonal "Glendale Halloween" Store to Burbank, just two miles from the Halloween Town Store. At this new location, Glendale Halloween maintains a sign advertising itself

as "Burbank Halloween," even though it continues to do business online as "Glendale Halloween."

6.      Attempting to capitalize on Halloween Town's success, Glendale Halloween also copied a photo from in the inside of the Halloween Town Store, which Glendale Halloween displays on its website (the "Halloween Town Store Photo").  The Halloween Town Store Photo depicts a custom-designed green ghost prop found near the entryway to the Halloween Town Store. The prop itself is a major tourist attraction and consumers often stop to take photos of themselves with the prop when visiting Halloween Town. Both the prop itself and the Halloween Town Store Photo are strongly associated with Halloween Town, and Halloween Town owns the copyright in the Halloween Town Store Photo.

7.      Glendale Halloween misappropriated the Halloween Town Store Photo to falsely represent it as the interior of Defendants' seasonal Burbank store and to create the false impression that Glendale Halloween offers the same experience and tourist-worthy attractions as Halloween Town, even though Glendale Halloween is only a seasonal purveyor of costumes and accessories that comes nowhere close to offering the tourist-worthy attractions as Halloween Town.

8.      Defendants have also published articles on their website to trade on Halloween Town's registered trademark for Halloween Town, including blog posts and articles that refer to the Glendale Halloween Store as "Halloween Town."

9.      Defendants are transparently engaged in this unlawful scheme of copyright and trademark infringement for the express purpose of profiting from Halloween Town's good will and reputation and to deceive customers into believing that its store has the same high quality design, experience and merchandise that is found in Halloween Town and/or is associated with or endorsed by Halloween Town. Their misconduct is not just likely to deceive – it has and will continue to cause actual confusion unless remedied by this Court.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBINS, KAPLAN, MILLER & CRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

## THE PARTIES

10.     Halloween Town is a California corporation with its principal place of business located at 2921 W. Magnolia Blvd., Burbank, California 91505 (the "Halloween Town Store").  Halloween Town is a widely recognized retailer of Halloween and horror-related merchandise and novelties, namely costumes and accessories, toys, jewelry, books, audio and video recordings, special effect supplies and accessories, holiday props and decorations, gifts and collectibles, clothing, shoes and handbags.  Halloween Town sells its products through both a physical retail store located in Burbank, California, and an online retail store outlet located at www.halloweentownstore.com.

11.     Defendant Glendale Halloween is an unknown entity or unknown individual, registered to do business under a fictious name in Los Angeles County (Document #2021143798). Glendale Halloween is conducting business at the premises known as 201 E. Magnolia Blvd #100, Burbank, CA 91502 (the "Glendale Halloween Store"). Glendale Halloween also operates an online retail store located at www.glendalehalloween.com.

12.     Defendant Zinaida Khrimyan is a resident of Los Angeles County, California.  Khrimyan was previously indicted on federal charges related to her operation of the business known as Glendale Halloween.  In that indictment, she was identified as the owner of Glendale Halloween and accused of unlawfully selling prescription contact lenses at the Glendale Halloween store. As recently as September 2023, Khrimyan posted on Facebook advertising and promoting the new location of the Glendale Halloween store.  Upon information and belief, Khrimyan continues to be the owner of the Glendale Halloween store in Burbank. Upon information and belief, Khrimyan is the individual who registered herself under the fictious business name "Glendale Halloween" with the County of Los Angeles or else she is the owner of the entity that did so.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

13.     Halloween Town is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1 through 10, inclusive, or any of them, and therefore sues these Defendants, and each of them, by such fictitious names.  Halloween Town is informed and believes and thereon alleges that each of the DOE Defendants is responsible for the claims and damages alleged herein and each DOE Defendant is jointly and severely liable with all other Defendants.  Halloween Town will seek leave of Court to amend this Complaint when the identities of these defendants are ascertained.

14.     At all relevant times, Glendale Halloween acted through its agents, members and/or managing members, including defendant Khrimyan. At all relevant times each of the Defendants sued herein, including the DOE Defendants, was the agent, ostensible agent, employee, alter ego, and/or co-conspirator of each of the remaining Defendants and at all times was acting within the purpose and scope of such agency, employment, and conspiracy and with the knowledge, authorization, permission, consent and/or subsequent ratification and approval of each co-defendant.

## JURISDICTION AND VENUE

15.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121.  The Court has supplemental jurisdiction over the state law claims asserted herein under 28 U.S.C. § 1338(b) because they form some part of the same case or controversy under Article III of the United States Constitution.

16.     This Court has personal jurisdiction over the Defendants based on at least the following: (1) Glendale Halloween is operating a retail store in Burbank, California; (2) Glendale Halloween operates a website to advertise its goods and services across the Unites States, including to California residents, who can communicate with Defendant through its website; and (3) Khrimyan is a resident of Los Angeles County.

17. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(B) and (C) because: (a) it is a judicial district in which Defendants reside; (b) is where a substantial part of the events giving rise to the claims asserted herein occurred; and (c) Defendants were and are subject to personal jurisdiction in this district at the time the action was commenced.

## FACTUAL BACKGROUND

**A.** **The Halloween Town Mark, Retail Store and Website**

18. Since at least as early as September of 2000, plaintiff Halloween Town has owned and operated the Halloween Town Store in Burbank, California with the registered trademark and tradename Halloween Town ("Halloween Town Mark").

19. Halloween Town opened a permanent store at its present location at Burbank in 2006. The store is known throughout the United States and around the world as a tourist attraction for Halloween and horror-themed arts and special effects. Halloween Town has also expanded and opened a second location one block away from the Halloween Town Store to sell Halloween costumes and accessories. Over the years, it has also operated other locations, including a children's costume store and a warehouse, in the region.

20. The Halloween Town Store has consistently featured a vast array of Halloween and horror-related merchandise and accessories. At all times, Halloween Town has displayed its Halloween Town Mark in connection with its retail store goods and services.

21. Commencing in August of 2003, Halloween Town expanded its Halloween Town services to include an online store located on the Internet at the domain name www.halloweentownstore.com ("Halloween Town Website"), which has been in continuous operation ever since. The Halloween Town Website has enabled consumers throughout the U.S. and worldwide to purchase a vast array of unique Halloween costumes, masks, clothing, merchandise, decorations, props, toys, videos, music, books, jewelry, makeup and special effects that Halloween

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

Town offers in its retail store.  Since its inception, Halloween Town's Website has also prominently featured the Halloween Town Mark used in connection with its retail store goods and services.

22.     Since adopting its Halloween Town Mark, Halloween Town has continuously promoted and used the mark throughout the United States in interstate commerce, and has expended considerable sums in exerting every effort to maintain and develop the Halloween Town Mark.  As such Halloween Town has created substantial and extremely valuable goodwill among the purchasing public under its Halloween Town Mark.  As a result of Halloween Town's continuous and extensive use of the Halloween Town Mark, the mark has become and continues to function as its core business and marketing asset, and serves to indicate to the trade and consuming public the products originating from Halloween Town.

23.     Halloween Town has established widespread common law trademark rights in the Halloween Town Mark.  With the establishment of the Halloween Town Website, Halloween Town's trademark rights have spread quickly from Southern California throughout the entire U.S.  Halloween Town has also sold goods under its Halloween Town Mark to consumers worldwide.  Due to the fame of the Halloween Town Mark, Halloween Town customers from many foreign countries have visited the Halloween Town Store.

24.     Through such extensive use, advertising, marketing and promotion of Halloween Town's physical and online retail store services under the Halloween Town Mark, Halloween Town has built up, at great expense and effort, a valuable reputation and goodwill symbolized by its strong and distinctive mark.

25.     By reason of the adoption and continuous use of the Halloween Town Mark in U.S. interstate commerce, Halloween Town has established valuable public recognition in the Halloween Town Mark as identifying Halloween Town as a trusted source of high quality Halloween and horror-related merchandise and accessories.  By way of Halloween Town's substantial and exclusive use of the

Halloween Town Mark, the Halloween Town Mark has achieved a distinctive quality and has acquired special and particular significance as identifying Halloween Town and its retail goods and services.

**B.      The Halloween Town Store Photo**

26.      The Halloween Town Store Photo is an original photograph authored by Wayne Toth, a legendary creator of special makeup effects and horror design in Hollywood. Mr. Toth is the owner and founder of Halloween Town and the Halloween Town Store.  Mr. Toth authored the Halloween Town Store Photo in or around February 2019 and it was first published by Halloween Town in or around October 2019.

27.      The Halloween Town Store Photo was taken inside the Halloween Town Store and depicts a view from inside the Halloween Town Store in Burbank, California.  Plaintiff Halloween Town owns the copyright to the Halloween Town Store Photo.

28.      The Halloween Town Store Photo depicts a green ghost prop that was custom made for Halloween Town and is not a product that Halloween Town sells. It sits at the front of the Halloween Town Store and serves as part of the experience of Halloween Town and is by itself a major tourist attraction. Customers regularly stop to take photos with the ghost prop when visiting the store, and both the prop and the Halloween Town Store Photo itself are strongly associated with Halloween Town itself.

29.      To this day, the Halloween Town Store Photo remains Halloween Town's main promotional photograph. It is routinely used online and in print media.  The photograph is also the primary image used by the Halloween Town Store's Twitter account and appears on various social media postings. The Halloween Town Store Photo is strongly associated with Halloween Town's trademark, good will and reputation. A copy of the Halloween Town Store Photo is shown below:

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES



**The "Halloween Town Store Photo"**

30.     Defendant Glendale Halloween misappropriated the Halloween Town Store Photo and publishes the photograph on its website for the purpose of deceiving the public into believing that the interior of the Halloween Town Store is actually the interior of the Glendale Halloween Store.  For example, the Halloween Town Store Photo is seen in the left side of the image below, captured from Glendale Halloween's website, https://www.glendalehalloween.com/contact/ (accessed September 27, 2023).



**The "Glendale Halloween Photo"**

31.     Glendale Halloween has repeatedly displayed, published, reproduced and commercially exploited the Halloween Town Store Photo on its website and, upon information and belief, in other advertisements and promotional materials, without any consent or authorization from the Halloween Store or the author of the Halloween Town Store Photo.

32.     Glendale Halloween's display, reproduction, publication, exploitation and use of the Halloween Town Store Photo directly infringe Halloween Town's copyright to the Halloween Town Store Photo.

33.     In addition, Glendale Halloween engaged in this misconduct to deceive customers who visited the Glendale Halloween website or saw its other promotional materials into believing that the interior of the Glendale Halloween would actually be interior of the Halloween Town Store and that Glendale Halloween store would share the same quality of design, experience, and merchandise available to customers who visited the Halloween Town Store.

34.     As a result of Glendale Halloween's misconduct, customers have been misdirected away from visiting the Halloween Town Store and fraudulently deceived into visiting the Glendale Halloween Store, including both at its former location in Glendale and its present location in Burbank.

**C.   Glendale Halloween's Unfair Competition And Trade Upon Halloween Town's Mark, Good Will and Reputation**

35.     For many years, Glendale Halloween operated its store at a location in Glendale, California. In or around September 2023, Glendale Halloween decided to increase its assault on Halloween Town by leaving Glendale and relocating to a new location in Burbank less than two miles away from the Halloween Town Store.

36.     At this new location, Glendale Halloween displays signs outside the new store calling itself "Burbank Halloween," in order to trade on the Halloween Town Mark and Halloween Town's good will and reputation.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

37.     Despite the physical store calling itself "Burbank Halloween," Glendale Halloween continues to use the website "Glendale Halloween" along with various social media accounts of the same name.  And on that website, Glendale Halloween continues to use the Halloween Town Store Photo to deceive customers into believing that the interior of the Glendale Halloween Store is actually the interior of the Halloween Town Store.

38.     In addition, on its website, Glendale Halloween has published articles, blog posts and advertisements encouraging customers referring to itself as "the Halloween Town," in direct infringement of the Halloween Town Mark.

39.     For example, one article has the headline "THE ACTIVITIES THAT MAKE UP FOR A GREAT GET-TOGETHER *IN THE HALLOWEEN TOWN*" (emphasis added).  In that article, Glendale Halloween tells customers: "***The Halloween Town*** is waiting for you."  (emphasis added). It also adds: "The entire place is lit up and comes to the picture as the ***Halloween town***." (emphasis added) (*see* https://www.glendalehalloween.com/the-activities-that-make-up-for-a-great-get-together-in-the-halloween-town/) (accessed September 27, 2023).

40.     Numerous other articles on the Glendale Halloween website reference "Halloween Town" as if Halloween Town were affiliated with Glendale Halloween.

41.     Upon information and belief, Glendale Halloween has published other advertisements and made other statements directly associating itself with Halloween Town and trading on the Halloween Town Mark and Halloween's Town's good will and reputation.

**D.      Khrimyan's Individual Misconduct**

42.     Upon information and belief, Khrimyan is the individual doing business as "Glendale Halloween."  Khrimyan previously conducted the business of Glendale Halloween through HTS General, Inc., a California corporation.  In 2014, the United States filed a criminal indictment against both Khrimyan and HTS General, Inc., based upon Khrimyan's conduct of the business known as Glendale

Halloween.  In 2015, the entity HTS General, Inc., was terminated.  Since that time, Khrimyan has continued to conduct the business of Glendale Halloween, either in her own name or through another entity owned and controlled by Khrimyan.

43.     Upon information and belief, Khrimyan is responsible for misappropriating the Halloween Town Store Photo from either the website or social media accounts of Halloween Town and directing the use of the Halloween Town Store Photo by Glendale Halloween.  Khrimyan directed, authorized and controlled the decision to misappropriate the Halloween Town Store Photo to deceive customers for her own personal profit and gain.

44.     In addition, upon information and belief, Khrimyan is responsible for drafting or causing to be drafted the article and blog posts on Glendale Halloween's website that falsely reference her business as "Halloween Town." Khrimyan is responsible for the decision to draft these articles to directly trade on the Halloween Town Mark, good will and reputation. She directed, controlled and participated the drafting, content, and publication of these article, and directed, controlled and participated in the publication of them on the Glendale Halloween website to directly target Halloween Town.

45.     In addition, upon information and belief, Khrimyan decided to relocate the business of Glendale Halloween from Glendale, to a location close to Halloween Town, in order to further trade on the Halloween Town Mark, good will and reputation.

46.     Khrimyan directed, controlled and participated in all of these wrongful acts in order to commercially exploit the intellectual property of Halloween Town, and to cause consumer and vendor confusion, all to her own profit.  Khrimayn's misconduct has caused Halloween Town damages and caused actual consumer and vendor confusion.

## **ALLEGATION OF IRREPARABLE HARM**

47.     By reason of Glendale Halloween and Khrimayn's acts, Halloween Town has suffered and will continue to suffer damage to its business, reputation and goodwill, and the loss of sales and profits it could have realized but for defendants' misconduct. Unless restrained and enjoined, defendants will continue to engage in the acts complained of and irreparably damage Halloween Town. Halloween Town's remedy at law is not adequate to compensate it for all the resulting injuries arising from defendants' misconduct.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement

48.     Halloween Town realleges and incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth in full herein.

49.     Halloween Town owns the copyright to the Halloween Town Store Photo.

50.     Defendants had access and opportunity to copy the Halloween Town Store Photo.  Upon information and belief, Defendants copied the Halloween Town Store Photo from Halloween Town's social media account.

51.     Defendants have published and continue to publish the Halloween Town Store Photo on the Glendale Halloween website.

52.     Upon information and belief, Glendale Halloween has reproduced the Halloween Town Store Photo on other advertisements and promotional materials to create the false impression that the interior of the Halloween Town Store is in fact the Glendale Halloween Store.

53.     Defendants have never had any authorization or permission to use, publish, display or commercially exploit the Halloween Town Store Photo.

54.     Defendants publication and use of the Halloween Town Store Photo has infringed and will continue to infringe Halloween Town's exclusive rights under 17 U.S.C. § 101 *et seq*.

55.    Defendants have realized unjust profits, gains and advantages, and they will continue to realize unjust profits, gains and advantages, as a proximate result of their infringement of the Halloween Town Store Photo, as long as such infringement is permitted to continue.

56.    Defendants copyright infringement is willful such that Halloween Town is entitled to statutory damages of $150,000 pursuant to 17 U.S.C. § 504(c)(2).

57.    In addition, or in the alternative, as a direct and proximate result of Defendants' intentional and willful copyright infringement, Halloween Town has suffered and is continuing to suffer injury, loss and damages in an amount according to proof at trial, attorney's fees and costs pursuant to 17 U.S.C. § 505, and to disgorgement of Defendants' unlawful gains and profits.

## SECOND CLAIM FOR RELIEF

### Federal Trademark Infringement

### Violation of Lanhan Act § 43(a), 15 U.S.C. § 1114

58.    Halloween Town realleges and incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth in full herein.

59.    Halloween Town Mark is the registered holder of the Halloween Town Mark.

60.    Defendants are actually aware that Halloween Town is the registered trademark holder of the Halloween Town Mark. Further, Halloween Town's registration on the Principal Register give constructive notice of its ownership rights.

61.    The Halloween Town Mark is distinctive and famous throughout the United States and the Halloween Town Mark is incontestable.

62.    After the Halloween Town Mark became famous, Defendants used and are using a mark in its trade name, advertisements, website and products that is identical or virtually identical to the Halloween Town Mark.  Defendants

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

reproduced, counterfeited, copied and colorably imitated the Halloween Town Mark and applied such reproduction, counterfeiting, copying, and colorable imitation to labels, signs, publications, and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution and/or advertising of goods.

63.    Halloween Town is informed and believes and on that basis alleges that Defendants acted with knowledge of the fame and reputation of the Halloween Town Mark with the purpose of usurping such rights and to willfully and intentionally confuse, mislead, and deceive members of the public.

64.    Halloween Town did not consent or authorize Defendants' use of the Halloween Town Mark.

65.    Defendants' actions have and are likely to dilute, blur and tarnish the distinctive quality of the Halloween Town Mark, to lessen the ability of the Halloween Town Mark to identify and distinguish the Halloween Town's products.

66.    As a result of Defendants' violation of 15 U.S.C. § 1114, Halloween Town has and continues to suffer damages according to proof at trial.  Further, unless Defendants are restrained, Halloween Town will continue to suffer irreparable damage and injury to its reputation and goodwill.

67.    Because Defendants acted willfully and intentionally to trade on Halloween Town's reputation and/or cause dilution of Halloween Town's famous trademark, Halloween Town is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1114.

## **THIRD CLAIM FOR RELIEF**

### **Federal Unfair Competition and False Designation of Origin**
### **in Violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a)**

68.    Halloween Town realleges and incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth in full herein.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

69.     Defendants' unlawful copying and use of the Halloween Town Mark in connection with its physical and online retail stores constitute false and misleading designations of origin and false and misleading representations of facts, which:

> A.     Are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Halloween Town, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by Halloween Town; and/or
>
> B.     Misrepresent the nature, characteristics, or qualities of Defendants' goods, services, or commercial activities.

70.     Defendants' misconduct in violation of 15 U.S.C. § 1125(a) has caused and, unless restrained and enjoined by this Court, will continue to cause substantial, immediate and irreparable injury to Halloween Town's business, reputation, and goodwill for which it is without an adequate remedy at law.

71.     As a direct and proximate result of Defendants' intentional and willful violation of 15 U.S.C. § 1125(a), Halloween Town has suffered and is continuing to suffer injury, loss and damages in an amount according to proof at trial, and is entitled to recover damages, extraordinary damages, attorney's fees and costs pursuant to 15 U.S.C. § 1125(c)(2), and to disgorgement of Defendant's unlawful gains and profits.

## FOURTH CLAIM FOR RELIEF

### Federal Trademark Dilution in

### Violation of Lanhan Act § 43(c), 15 U.S.C. § 1125(c)

72.     Halloween Town realleges and incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth in full herein.

73.     The Halloween Town Mark is distinctive and famous throughout the United States.  After the Halloween Town Mark became famous, Defendants used

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

and are using a mark in its trade name and products and in its advertising that is identical or virtually identical to the Halloween Town Mark.

74. Halloween Town is informed and believes and on that basis alleges that Defendants acted with knowledge of the fame and reputation of the Halloween Town Mark with the purpose of usurping such rights and to willfully and intentionally confuse, mislead, and deceive members of the public.

75. Defendants' actions have and are likely to dilute, blur and tarnish the distinctive quality of the Halloween Town Mark, to lessen the ability of the Halloween Town Mark to identify and distinguish the Halloween Town's products.

76. As a result of Defendants' violation of 15 U.S.C. § 1125(c), Halloween Town has and continues to suffer damages according to proof at trial. Further, unless Defendants are restrained, Halloween Town will continue to suffer irreparable damage and injury to its reputation and goodwill.

77. Because Defendants acted willfully and intentionally to trade on Halloween Town's reputation and/or cause dilution of Halloween Town's famous trademark, Halloween Town is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

## FIFTH CLAIM FOR RELIEF

### Common Law and Statutory Trade Name Infringement

78. Halloween Town realleges and incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth in full herein.

79. Defendants have engaged in trade name infringement under the common and statutory law of the State of California, California Business and Professions Code § 14402, *et seq.*

80. Defendants have intentionally deceived the public by misrepresenting that its services and/or its products are in some way sponsored or authorized by Halloween Town, including under its Halloween Town Mark.

81.     Defendants' acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

82.     As a proximate result of Defendants' acts, Halloween Town has and continues to suffer damages according to proof at trial.  Further, unless Defendants are restrained, Halloween Town will continue to suffer irreparable damage and injury to its reputation and goodwill.

## SIXTH CLAIM FOR RELIEF

### Unfair Competition in Violation of California Business & Professions Code § 17200, et seq.

83.     Halloween Town realleges and incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth in full herein.

84.     Defendants' misconduct in trading upon Halloween Town's goodwill and reputation constitute an unlawful, unfair and  fraudulent business acts or practices and unfair, deceptive, untrue or misleading advertising, in violation of California Business and Professions Code §§ 17200, *et seq.*

85.     As a direct and proximate result of Defendants' unfair, unlawful and illegal business practices, Halloween Town has suffered irreparable harm to its reputation and goodwill.  As such, Halloween Town is entitled to injunctive relief as set forth herein.

## SEVENTH CLAIM FOR RELIEF

### Common Law Unfair Competition

86.     Halloween Town realleges and incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth in full herein.

87.     Defendants' sale, use and imitation of the Halloween Town Mark constitutes infringement, copying, imitation, and misappropriation of Halloween Town's intellectual property, unjust enrichment of Defendants, and unfair competition with Halloween Town in violation of Halloween Town's rights under the common law of the state of California and other states of the United States.

1   88.    Defendants' willful conduct outlined herein has unjustly enriched

2   Defendants in violation of Halloween Town's rights.  As such, Halloween Town is

3   entitled to injunctive relief and monetary damages according to proof at trial.

4   ## EIGHTH CLAIM FOR RELIEF

5   ### Dilution in Violation of California Business & Professions Code

6   ### § 14247, *et seq.*

7   89.    Halloween Town realleges and incorporates by reference each of the

8   foregoing paragraphs of this Complaint as though fully set forth in full herein.

9   90.    The Halloween Town Mark is distinctive and famous throughout the

10  United States.  After the Halloween Town Mark became famous, Defendants used

11  and are using a mark in its trade name and products and in its advertising that is

12  identical or virtually identical to the Halloween Town Mark.

13  91.    Halloween Town is informed and believes and on that basis alleges

14  that Defendants acted with knowledge of the fame and reputation of the Halloween

15  Town Mark with the purpose of usurping such rights and to willfully and

16  intentionally confuse, mislead, and deceive members of the public.

17  92.    Defendants' actions have and are likely to dilute, blur and tarnish the

18  distinctive quality of the Halloween Town Mark, to lessen the ability of the

19  Halloween Town Mark to identify and distinguish Halloween Town's products.

20  93.    As a result of Defendants' violation of California Business and

21  Professions Code §§ 14247, *et seq*., Halloween Town has and continues to suffer

22  damages according to proof at trial.  Further, unless Defendants are restrained,

23  Halloween Town will continue to suffer irreparable damage and injury to its

24  reputation and goodwill.

25  ## PRAYER FOR RELIEF

26  WHEREFORE, Halloween Town prays for judgment in its favor and against

27  Defendants, including but not limited to, the following relief:

28

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1.  A preliminary and permanent injunction enjoining Defendants, their members, officers, shareholders, agents, servants, employees, attorneys, successors and assigns, distributors, retailers and those in privity with them, and those persons in active concert or participation with any of them who receive actual notice of the judgment by personal service or otherwise, from any further infringement and/or dilution of Halloween Town's copyright in the Halloween Town Store Photo and Halloween Town's Mark and from any further acts of unfair competition.

2.  For an award of actual damages and/or statutory damages sin an amount according to proof at trial;

3.  For an accounting to Halloween Town for any and all profits derived by Defendants from the unlawful acts complained of herein, and for disgorgement of those profits.

4.  For reasonable attorneys' fees;

5.  For Halloween Town's costs in this lawsuit;

6.  For interest as allowed by law; and

7.  For such further relief as the Court deems just and proper.

Dated:  September 29, 2023

**ROBINS KAPLAN LLP**

By:  /s/ David Martinez
        David Martinez

**Attorneys for Plaintiff**
**HALLOWEEN TOWN, INC.**

## **DEMAND FOR JURY TRIAL**

Halloween Town hereby demands a trial by jury.


Dated:  September 29, 2023                    **ROBINS KAPLAN LLP**

                                             By:  /s/ David Martinez _____
                                                     David Martinez

                                             **Attorneys for Plaintiff
                                             HALLOWEEN TOWN, INC.**